**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DARREN HENRY JOHNSON #1526739** | § | |
| | § | |
| **V.** | § | **A-09-CA-922-LY** |
| | § | |
| **RISSIE OWENS, TEXAS BOARD OF** | § | |
| **PARDONS AND PAROLES, TEXAS** | § | |
| **DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE - PAROLE DIVISION, and** | § | |
| **C. HOOSER** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Defendant Owens's Motion for Judgment on the Pleadings (Document No. 11); Defendant Owens's Supplement to Motion for Summary Judgment (Document No. 13); Plaintiff's Affidavit (Document No. 16); Plaintiff's Response to Defendant's Motion for Summary Judgment on the Pleadings (Document No. 16); Plaintiff's Prayer for Transfer and Injunctive Relief (Document

No. 16); and Plaintiff's "Notice of Change of Address Satisfying Plaintiff's Prayer for Transfer" (Document No. 14). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Daniels Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Plaintiff has since been transferred to the Michael's Unit Trusty Camp. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging he was overdue for parole consideration. Plaintiff sues Rissie Owens, Chairman of the Texas Board of Pardons and Paroles; the Texas Board of Pardons and Paroles; the Texas Department of Criminal Justice - Parole Division; and C. Hooser, the Daniels Unit Grievance Investigator. Plaintiff seeks an immediate parole interview, requests that his subsequent parole review be scheduled for August 2, 2010, and seeks punitive damages. In a subsequently filed "Prayer for Transfer and Injunctive Relief" Plaintiff requests the Court to order his transfer to Region I, TDCJ-CID, because he does not believe he will receive a fair and impartial parole review from Region V. Recently, Plaintiff filed a "Notice of Change of Address Satisfying Plaintiff's Prayer for Transfer." Plaintiff indicates he was transferred to Region II and is satisfied with the transfer.

The Court ordered service upon Defendant Owens. She filed a Motion for Judgment on the Pleadings, arguing she was not personally involved with regard to the alleged constitutional violation. She further argued that Plaintiff has no right to be released on parole. Owens acknowledged, however, that an inmate is entitled to a parole review to determine whether or not he will be placed on parole.

After consideration of the motion, the Court construed the motion as a motion for summary judgment.  Notice was provided to the parties, and both parties were given the opportunity to file summary judgment evidence.

In response to the Court's order, construing the Motion for Judgment on the Pleadings as a Motion for Summary Judgment, Defendant Owens filed a "Supplement to Motion for Summary Judgment."  Once again, Owens argues she was not personally involved and that Plaintiff has no liberty interest in parole.  Owens also provided the Court with Plaintiff's parole history.

The summary judgment evidence indicates Plaintiff was released on parole on October 16, 2007.  Owens's Exh. A at 2.  Following an arrest and conviction for DWI, Plaintiff's parole was revoked by the Board on September 25, 2008.  Id.  On October 3, 2008, Plaintiff was transferred from the Williamson County Jail to the Holliday Unit of the TDCJ-CID.  Id.  After Plaintiff returned to prison, TDCJ-CID Classification and Records calculated Plaintiff's parole eligibility date as August 2, 2008, which was two months prior to Plaintiff being returned to prison.  Id.  Since Plaintiff was eligible for parole upon his return, he was immediately placed in the parole review process.  Id.  Owens indicates Plaintiff was reviewed for parole on May 21, 2009, by two parole panel members, Charles Aycock and Marsha Moberley.  Id.  According to Owens, Plaintiff was denied parole and given a next parole review date of May 2010.  Id.  Owens asserts Plaintiff was notified of the parole panel's decision on June 4, 2009.  Id.  Plaintiff was again reviewed for parole on March 12, 2010.  Id.  The parole panel denied Plaintiff's parole and set his next parole review date for March 2011.  Id.

Owens argues Plaintiff's request for an immediate parole interview is moot, because he had his parole review in March 2010. She further argues Plaintiff's request for monetary damages is barred by absolute immunity, Eleventh Amendment Immunity and qualified immunity.

## II. ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

Because the Court did not order service upon Defendants Hooser, the Texas Board of Pardons and Paroles, or the Texas Department of Criminal Justice - Parole Division, the Court will analyze Plaintiff's claims against these defendants pursuant to 28 U.S.C. § 1915(e). An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B      Standard of Review Under Fed. R. Civ. P. 56(c)

The Court will analyze Plaintiff's claims brought against Defendant Owens pursuant to Rule 56(c). A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a

4

judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322, 106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses.  Id. at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial."  Id. at 324, 106 S. Ct. at 2553.  The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Fed. R. Civ. P. 56(e);  Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court."  James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)).

To the extent facts are undisputed, a Court may resolve the case as a matter of law.  <u>Blackwell v.</u>

<u>Barton</u>, 34 F.3d 298, 301 (5th Cir. 1994).

      C.     <u>Eleventh Amendment Immunity</u>

      Being sued in their official capacities for monetary damages, Defendants Owens and Hooser

are immune from suit under the Eleventh Amendment, because such an action is the same as a suit

against the sovereign.   <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89, 104 S. Ct. 900

(1984).  The Texas Board of Pardons and Paroles and the Texas Department of Criminal Justice are

also immune.  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain

suits directed against states.  <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304, 110 S. Ct.

1868, 1871 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state

employees in their official capacity because such an indirect pleading remains in essence a claim

upon the state treasury.  <u>Green v. State Bar of Texas</u>, 27 F.3d 1083,1087 (1994).  Accordingly,

Plaintiff's claims brought against the Texas Board of Pardons and Paroles, the Texas Department

of Criminal Justice - Parole Division, Defendant Owens in her official capacity for monetary

damages, and Defendant Hooser in his official capacity for monetary damages should be dismissed.

      The Eleventh Amendment does not apply to a request for a federal court to grant prospective

injunctive relief against state officials on the basis of federal claims; thus, a request for prospective

injunctive relief against state officials or employees in their official capacities falls within an

exception to Eleventh Amendment immunity.  <u>See</u> <u>Ex parte Young</u>, 209 U.S. 123, 149, 28 S. Ct.

441, 449-50 (1908). Accordingly, Plaintiff's request for prospective injunctive relief is not barred

by Eleventh Amendment immunity.  However, as explained below, Plaintiff is not entitled to relief.

D.    Qualified Immunity

Defendants Owens and Hooser are protected by qualified immunity from Plaintiff's claims brought against them in their individual capacities for monetary damages.  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982).  Immunity in this sense means immunity from suit, not merely from liability.  Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992).  "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law."  Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.  Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted).  To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations."  Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria-whether plaintiffs' facts allege a constitutional violation-must be decided at the outset.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).  Recently, however, the Court reversed course, holding that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson v. Callahan, --- U.S. ----, 129 S. Ct. 808 (2009).

7

In this case, Plaintiff has failed to allege a valid constitutional violation.  With respect to Defendant Hooser, Plaintiff is merely dissatisfied with the manner in which Hooser responded to his Step One Grievance.  On December 1, 2009, Plaintiff submitted his grievance, requesting a parole interview.  Defendant Hooser processed the grievance.  Hooser noted the issue presented was not an issue capable of being grieved and returned the grievance to Plaintiff.

In his affidavit Plaintiff asserts he was grieving the Board's inaction in not granting him a parole review.  He contends Hooser failed to accurately read his grievance.  Plaintiff asserts Hooser caused him harm by failing to direct his grievance to the Board of Pardons and Paroles.

A prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Moreover, it appears Hooser properly processed the grievance.  Attached to Plaintiff's complaint, are the instructions on how to write and submit grievances.  The instructions clearly provide that an inmate may not grieve parole decisions.

With respect to Defendant Owens, Plaintiff alleges she failed to provide him with a timely parole review after he had sent her a letter complaining his review had been delayed.  The summary judgment evidence shows, Plaintiff was eligible for parole upon his return to TDCJ-CID in August 2008.  Although Plaintiff was not immediately reviewed for parole upon his re-entry to TDCJ, he was placed in the parole review process.  Plaintiff was reviewed for parole on May 21, 2009, and again on March 12, 2010.  Plaintiff's next review is scheduled for March 2011.

Texas prisoners have no protected liberty interest in parole, thus they cannot mount a challenge against any state parole review procedure on procedural or substantive due process

grounds. <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 308 (5th Cir. 1997).  Accordingly, Plaintiff has not alleged a valid constitutional violation with respect to Defendant Owens.

      E.    <u>Request to Move Parole Review</u>

Because Plaintiff has not alleged a valid constitutional violation with respect to his parole review, he is not entitled to have his next parole review moved from March 2011 to August 2010.

      F.    <u>Remaining Requests for Injunctive Relief</u>

Plaintiff's requests for an immediate parole review and transfer to Region V are moot.  On December 21, 2009, the Court received Plaintiff's civil rights complaint, requesting an immediate parole review.  Plaintiff received a parole review on March 12, 2010.  The parole panel denied parole and set Plaintiff's next parole review date for March 2011.  Because Plaintiff was reviewed for parole, his request for an immediate parole review should be dismissed as moot. <u>See</u> <u>Miller v. Johnson</u>, 209 F.3d 720 (5th Cir. 2000) (holding request for parole review was moot because inmate had been reviewed and denied parole).

On May 6, 2010, Plaintiff notified the Court he was transferred to Region II and is satisfied with the transfer. Because Plaintiff was transferred out of Region I, Plaintiff's request for a transfer should be dismissed as moot.  <u>Biliski v. Harborth</u>, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); <u>White v. Colorado</u>, 82 F.3d 364 (10th Cir. 1996) (dismissing as moot plaintiff's claims for prospective injunctive relief due to plaintiff's release from prison); <u>Garrett v. Angelone</u>, 940 F. Supp. 933 (W.D. Vir. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which the plaintiff had been transferred) (citing <u>Williams v. Griffin</u>, 952 F.2d 820 (4th Cir. 1991); <u>Magee v. Waters</u>, 810 F.2d 451 (4th Cir. 1987)).

## III.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against the Texas Board of Pardons and Paroles, the Texas Department of Criminal Justice - Parole Division, Plaintiff's claims brought against Defendant Owens in her official capacity for monetary damages,  Plaintiff's claims brought against Defendant Hooser in his official capacity for monetary damages, Plaintiff's request for a transfer, and Plaintiff's request for an immediate parole review.  The undersigned further recommends that the District **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against Defendant Hooser in his individual capacity for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), **DISMISS WITHOUT PREJUDICE** Plaintiff's request to move his next parole review for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), and **GRANT** Defendant Owens's Motion for Judgment on the Pleadings, which has been converted to a Motion for Summary Judgment.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of

unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of June, 2010.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE